## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: |
| v. | ) ) | COMPLAINT |
| HOBE SOUND OPCO, LLC and HOBE SOUND REALTY HOLDINGS, LLC | ) ) ) ) | JURY TRIAL DEMAND |
| _____ | ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin (Haitian) and to provide appropriate relief to Charging Party Guerchonite Guillaume, who was adversely affected by such practices. As alleged with greater particularity below, Defendants Hobe Sound OPCO, LLC and Hobe Sound Realty Holdings, LLC failed or refused to employ Ms. Guillaume because of her national origin.

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida.

## PARTIES

3.     Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Defendant Hobe Sound OPCO, LLC ("Hobe Sound OPCO"), a Florida corporation, has continuously been doing business in the State of Florida and the City of Daytona Beach, has continuously had at least 15 employees, and operated an assisted living and rehabilitation facility known as "The Terrace at Hobe Sound" located in Hobe Sound, Florida.  At all relevant times, Defendant Hobe Sound OPCO has been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

5.     At all relevant times, Defendant Hobe Sound Realty Holdings, LLC ("Hobe Sound Realty"), a Florida corporation, has continuously been doing business in the State of Florida and the City of Daytona Beach, has continuously had at least 15 employees or would otherwise constitute a single employer with at least 15 employees by virtue of being an integrated enterprise with Defendant, Hobe Sound OPCO, and owned the real estate, buildings and personal property situated on the land which Hobe Sound OPCO utilized for the exclusive purpose of operating an assisted

living facility. At all relevant times, Defendant Hobe Sound Realty has been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.    At all relevant times, Defendants Hobe Sound OPCO and Hobe Sound Realty operated as an integrated enterprise whose business functions were so functionally interrelated that they constituted a single employer.

7.    Defendants were organized in the State of Florida on the same date, March 30, 2015.

8.    Defendants provided exclusive services to each other in the operation of a residential assisted living and rehabilitation facility in Hobe Sound, Florida, where Defendant Hobe Sound Realty owned the real estate, buildings and personal property situated on the land which Hobe Sound OPCO utilized for the purpose of operating the assisted living facility.

9.    Defendants shared a common manager and owner, Morris Esformes, who controlled and managed both companies.

10.    Defendants jointly entered into financial loan agreements over the course of several years encumbering the real estate, buildings and personal property in Hobe Sound, Florida where the assisted living facility was situated for the mutual benefit of each other in the operation of the assisted living facility.

11.    Defendants share the same registered agent, principal place of business and mailing address, and operate out of the same corporate headquarters in Daytona Beach, Florida.

## ADMINISTRATIVE PROCEDURES

12.    More than thirty days prior to the institution of this lawsuit, Guerchonite Guillaume filed a charge with the Commission alleging violations of Title VII by Defendant Hobe Sound OPCO.

13.    On July 14, 2022, the Commission issued to Defendant Hobe Sound OPCO a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

14.    On August 17, 2022, the Commission issued to Defendant Hobe Sound OPCO, a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

15.    Defendant Hobe Sound Realty received notice of the charge and allegations, and had an opportunity to conciliate by virtue of being a single employer integrated enterprise with Defendant Hobe Sound OPCO and closely related entities for purposes of notice under Title VII.

16.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

17.    Defendants, Hobe Sound Realty and Hobe Sound OPCO, owned and operated a residential assisted living and rehabilitation facility in Hobe Sound, Florida

called Terrace of Hobe Sound (hereinafter "Assisted Living Facility"). Both companies were owned, managed, and controlled by Morris Esformes.

18.    On December 2, 2020, Guerchonite Guillaume, a Haitian woman, applied for the position of Nursing Home Administrator at the Assisted Living Facility.

19.    On January 7, 2021, Misty DeGross, the acting Nursing Home Administrator until a replacement was hired, interviewed Ms. Guillaume for the position and extended a job offer to her later that same day with a salary of $100,000.00 and a start date of January 25, 2021.

20.    Ms. Guillaume accepted the job offer the next day and expressed her excitement about the new opportunity. Ms. Guillaume further asked Ms. DeGross to consider a $15,000.00 increase to her starting salary. Ms. DeGross informed Ms. Guillaume that she would forward her request to the Chief Clinical Officer and Chief Operating Officer for consideration, and that she looked forward to working with her.

21.    On the late afternoon of January 20, 2021, Ms. Guillaume followed up with Ms. DeGross as to the time she should arrive for work on January 25, 2021 and inquired as to any paperwork that she would need to complete in advance of her start date.    Ms. DeGross advised that she will be sending Ms. Guillaume a link to the employee portal where she can submit her human resources documentation and further asked if she can come in the next day to meet with the owner, Morris Esfromes:





22.  On January 21, 2021, Ms. Guillaume visited the Assisted Living Facility to meet with Ms. DeGross, Mr. Esformes, and another investor.

23.  Mr. Esformes told Ms. Guillaume that they could not increase her salary to $115,000 immediately, but that they would consider doing so if she was performing well within the first 90 days.  Ms. Guillaume agreed with this plan.

24.     During that same meeting, Mr. Esformes asked Ms. Guillaume if she was Haitian. After replying that she was born and raised in Haiti, Mr. Esformes expressed concern that Ms. Guillaume would favor Haitian employees. Ms. Guillaume responded that she would treat all employees equally. Mr. Esformes then made comments about "voodoo" and "other Haitian rituals," sharing a story about how an administrator at another assisted living facility once found a voodoo doll in front of her office after she disciplined a Haitian employee.

25.     The following day, on January 22, 2021, Ms. DeGross e-mailed Ms. Guillaume rescinding her offer of employment.

26.     Hobe Sound Realty and Hobe Sound OPCO continue to be active limited liability corporations in the State of Florida and continue to share the same registered agent, principal place of business and mailing address, and operate out of the same corporate headquarters in Daytona Beach, Florida.

27.     As a result of the actions above, Ms. Guillaume was not hired and suffered damages.

**STATEMENT OF CLAIMS**

COUNT I
(Failure or Refusal to Hire based upon National Origin)
42 U.S.C. 2000(e)-2(a)

28.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

29.     Since at least December 2020, Defendants Hobe Sound OPCO and Hobe Sound Realty have engaged in unlawful employment practices in violation of Section

703(a) of Title VII, 42 U.S.C. 2000(e)-2(a), by failing or refusing to hire, rescinding its job offer and/or otherwise discriminating against Ms. Guillaume, on the basis of her national origin.

30.    Defendants unlawfully deprived Ms. Guillaume of equal employment opportunities and otherwise adversely affected her status as an applicant because of her national origin, Haitian, in violation of 42 U.S.C. §2000e, et seq.

31.    As a direct and proximate result of Defendants' discriminatory conduct, Ms. Guillaume suffered actual damages including but not limited to losses in compensation and benefits, medical expenses, inconvenience, financial hardship, anxiety, emotional distress and suffering, and loss of enjoyment of life.

32.    The unlawful employment practices complained of in the foregoing paragraphs were intentional and were done with malice or with reckless indifference to the federally-protected rights of Ms. Guillaume.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Hobe Sound OPCO and Defendant Hobe Sound Realty, its officers, servants, employees, attorneys, and all persons in active concert or participation with it, from participating in discriminatory conduct based on national origin, including but not limited to, failure to hire based on national origin;

B.    Order Defendant Hobe Sound OPCO and Defendant Hobe Sound Realty to institute and carry out policies, practices, and programs which provide equal

employment opportunities for individuals of any national origin, and which eradicate the effects of its past and present unlawful employment practices;

    C.    Order Defendant Hobe Sound OPCO and Defendant Hobe Sound Realty to make whole Guerchonite Guillaume, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, included but not limited to, front pay;

    D.    Order Defendant Hobe Sound OPCO and Defendant Hobe Sound Realty to make whole Guerchonite Guillaume, by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

    E.    Order Defendant Hobe Sound OPCO and Defendant Hobe Sound Realty to pay Guerchonite Guillaume punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

    F.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    G.    Award the Commission is costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date: June 08, 2023

Respectfully submitted,

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

GWENDOLYN YOUNG REAMS
Acting General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC 20507

ROBERT E. WEISBERG
Regional Attorney
Florida Bar No. 285676

KRISTEN M. FOSLID
Supervisory Attorney
Florida Bar No. 0688681

/s/ Sabarish P. Neelakanta
SABARISH P. NEELAKANTA
Trial Attorney
Florida Bar No. 26623
Sabarish.Neelakanta@eeoc.gov
U.S. Equal Employment
Opportunity Commission
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
(786) 648-5897