IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,        6:23-CV-01078-RBD-EJK

      Plaintiff,

GUERCHONITE GUILLAUME,

      Plaintiff-Intervenor.

vs.

HOBE SOUND OPCO, LLC,
HOBE SOUND REALTY HOLDINGS, LLC,
TOHS HOLDINGS, LLC
HSRE, LLC

      Defendants,

THE ESTATE OF MORRIS ESFORMES,

      Intervenor-Defendant.
_____/

## JOINT MOTION FOR APPROVAL AND ENTRY OF CONSENT DECREE

Pursuant to Federal Rules of Civil Procedure 7(b)(1) and 65(d), Plaintiff, United States Equal Employment Opportunity Commission ("EEOC") and Defendants Hobe Sound OPCO, LLC, Hobe Sound Realty Holdings, LLC, TOHS Holdings, LLC, and HSRE, LLC (together with

1

EEOC, "the Parties") request that the Court approve and enter the attached signed Consent Decree.

1. The EEOC is the federal agency responsible for enforcing federal laws prohibiting employment discrimination, including Title VII of the Civil Rights Act of 1964.

2. The EEOC filed this action pursuant to the Title VII of the Civil Rights Act of 1964 to correct alleged unlawful employment practices on the basis of national origin and to provide relief to Plaintiff-Intervenor Guerchonite Guillaume.

3. Defendants deny the allegations in EEOC's Complaint and in Plaintiff-Intervenors' Complaint.

4. Through settlement discussions, the Parties have agreed to resolve this action in the terms reflected in the Consent Decree. *See* Exhibit 1.[1]

5. The Parties request that the Court approve and execute the Consent Decree. The Consent Decree conforms to Federal Rule of Civil Procedure 65(d) in that it states the reasons for its issuance, provides

---

[1] Although Ms. Guillaume is not a party to the Consent Decree entered between EEOC and Defendants, Ms. Guillaume agreed with Defendants and Intervenor Defendant to also resolve the claims asserted in their proposed Complaint [D/E 29], by separate agreement.

specific terms with which the Parties must comply, and describes in detail the acts restrained and required.

6. The Court's entry of the Consent Decree will resolve all claims asserted by the EEOC's Complaint and Plaintiff-Intervenors' Complaint in their entirety.

7. The Parties request that the Court administratively close this case and retain jurisdiction to enforce the terms of the Consent Decree. *See e.g. Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1299 (11th Cir. 2001) (district court's assertion that plaintiffs should seek relief from consent decree by bringing a new lawsuit would "require the parties and the courts to waste judicial resources re-litigating issues which have been dealt with [and] it would also deny the plaintiffs the benefit of the bargain which was reached in the original consent decree and which defendants obliged themselves to provide")

8. Each Party has agreed to bear their own attorneys' fees and costs incurred in this matter.

**WHEREFORE**, for the foregoing reasons, the Parties respectfully request that this Court grant this joint motion for approval of the Consent Decree, execute the attached Consent Decree, administratively close this

action, retain jurisdiction to enforce the terms of the Consent Decree, and enter any further relief that the Court deems equitable and just.

**Dated:  February 28, 2024**

        Respectfully submitted,

        *s/ Sabarish P. Neelakanta*
        SABARISH P. NEELAKANTA
        Trial Attorney
        Florida Bar No. 26623
        U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
        Miami District Office
        Miami Tower
        100 S.E. 2nd Street, Suite 1500
        Miami, FL 33131
        Ph: (786) 648-5897
        Sabarish.Neelakanta@eeoc.gov
        *Attorney for Plaintiff, EEOC*

        */s/ Jonathan A. Beckerman*
        JONATHAN A. BECKERMAN
        Florida Bar No.: 568252
        Lewis Brisbois Bisgaard & Smith LLP
        110 SE 6th Street, Suite 2600
        Ft. Lauderdale, Florida 33301
        Ph: 954-728-1280
        Jonathan.Beckerman@lewisbrisbois.com
        *Attorney for Defendants & Defendant-Intervenor*

## **LOCAL RULE 3.01(G) CERTIFICATION**

EEOC contacted Counsel for Plaintiff-Intervenor (Arthur Schofield, Esq.) via e-mail (aschofield@flalabor.com) on February 27, 2024 and said counsel does not oppose this motion.

*s/ Sabarish P. Neelakanta*
SABARISH P. NEELAKANTA

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2024, I electronically filed the foregoing document with the Clerk of the Clerk using CM/ECF, which sends electronic notice to all counsel of record.

*s/ Sabarish P. Neelakanta*
SABARISH P. NEELAKANTA