**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISION,

Plaintiff,

and

GUERCHONITE GUILLAUME,

Intervenor Plaintiff,

v. Case No. 6:23-cv-1078-RBD-EJK

HOBE SOUND OPCO, LLC; HOBE SOUND REALTY HOLDINGS, LLC; TOH HOLDINGS LLC; and HSRE LLC,

Defendants,

and

ESTATE OF MORRIS ESFORMES,

Intervenor Defendant.

---

**CONSENT DECREE**

On June 8, 2023, Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed a Complaint seeking monetary and injunctive relief to correct Defendants' allegedly unlawful employment practices and provide appropriate relief to Intervenor Plaintiff Guerchonite Guillaume. (*See*

Doc. 1.) On February 28, 2024, the EEOC and Defendants filed a Joint Motion for Approval and Entry of Consent Decree (Doc. 49), which they represent resolves all claims in this action.[1]

District courts should approve consent decrees so long as they are constitutional, lawful, reasonable, and not contrary to public policy. *See Stovall v. City of Cocoa*, 117 F.3d 1238, 1240 (11th Cir. 1997); *see also Howard v. McLucas*, 871 F.2d 1000, 1008 (11th Cir. 1989). The Court finds that the parties' proposed Consent Decree (Doc. 49-1) satisfies these requirements.

As such, the Joint Motion for Approval and Entry of Consent Decree (Doc. 49) is **GRANTED**. Accordingly, the Court enters the following Consent Decree.

This Consent Decree ("Decree") is made and entered into by and between Plaintiff EEOC and Defendants Hobe Sound OPCO, LLC, Hobe Sound Realty Holdings, LLC, TOHS Holdings, LLC, and HSRE, LLC ("Defendants"). EEOC and Defendants are collectively referred to as the "Parties" throughout this Consent Decree.

[1] The Intervenor Plaintiff and Intervenor Defendant are not parties to the Consent Decree, but Plaintiff and Defendants represent that the Intervenor Plaintiff has resolved her claims against the Defendants and Intervenor Defendant by separate agreement. (Doc. 49, p. 2 n.1.)

## I. INTRODUCTION

1. EEOC filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 ("Title I") to correct alleged unlawful employment practices on the basis of national origin (Haitian) and to provide appropriate relief to Charging Party Guerchonite Guillaume ("Charging Party," "Ms. Guillaume," or "Gigi"), who was allegedly adversely affected by such practices. (Doc. 1.)

2. EEOC alleges that Defendants discriminated against Ms. Guillaume by failing to hire her on the basis of her national origin (Haitian).

3. Defendants deny these allegations and state that, by entering into this Consent Decree, they admit no wrongdoing or violation of the law.

4. In the interest of resolving this action without further litigation and adjudication, the Parties agree that this action should be fully and finally resolved by the entry of this Consent Decree.

5. No waiver, modification, or amendment of any provision of this Consent Decree will be effective unless made in writing, approved by all parties to this Consent Decree, and approved or ordered by the Court (unless a different procedure is specifically provided for herein with respect to particular provisions).

6. This Consent Decree constitutes the complete understanding between the Parties with respect to the matters herein. No other agreement may supersede or conflict with this Consent Decree and EEOC shall not be a party to any such agreement.

7. If one or more of the provisions contained herein are deemed or rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Consent Decree in order to effectuate its purposes. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Consent Decree cannot, despite the Parties' best efforts, be achieved.

8. This Consent Decree fully and finally resolves any and all claims asserted in the Complaint, as amended filed in this action styled *U.S. Equal Employment Opportunity Commission v. Hobe Sound OPCO, LLC*, No. 6:23-cv-1078 (M.D. Fla. June 8, 2023), by the EEOC, which arose from EEOC Charge No. 510-2021-03623 filed by Ms. Guillaume (the "Lawsuit").

9. The Parties acknowledge that this Consent Decree does not resolve any charges of discrimination that may be pending with EEOC against Defendants other than the charge listed above or any charge that may be filed in the future. This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or that

may later be filed against the Defendants in accordance with standard EEOC procedures.

10. The terms of this Consent Decree are, and shall be, binding upon Defendants, their successors, assigns, subsidiaries, or affiliates, and any other corporations or entities into which Defendants may merge, or with which they may consolidate.

## II. FINDINGS

11. Having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

    a. This Court has jurisdiction over the subject matter of this action and the Parties, venue is proper, and all administrative prerequisites have been met.

    b. The Court shall retain jurisdiction to enforce this Consent Decree and its terms for all purposes including, but not limited to, entering of all orders, judgments, and decrees as necessary to implement the relief provided herein for the duration of this Consent Decree.

    c. A breach of any term of this Consent Decree by Defendants shall be deemed a substantive breach of this Consent Decree for which EEOC may bring an enforcement action. No party shall contest the validity

of this Consent Decree or the jurisdiction of the Federal District Court to enforce this Consent Decree and its terms.

d. The terms of this Consent Decree are adequate, reasonable, equitable, and just.

e. The rights of the Parties, Charging Party, and the public interest are adequately protected by this Consent Decree.

f. This Consent Decree conforms with the Federal Rules of Civil Procedure, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and is not in derogation of the rights or privileges of any person.

g. The entry of this Consent Decree will further the objectives of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and is in the best interests of the Parties, Charging Party, and the public.

In consideration of the mutual promises and agreements contained in this Consent Decree, the sufficiency of which is hereby acknowledged, the Parties agree, and the Court finds appropriate, and it is therefore **ORDERED, AND ADJUDGED**:

## III. DURATION OF THE CONSENT DECREE & RETENTION OF JURISDICTION

12. All provisions of this Consent Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three years, which period commences immediately following entry of the Consent Decree, provided, however, that if, at the end of the three-year period, any disputes remain unresolved, the term of the Consent Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all such disputes have been resolved.

13. Defendants shall bear all costs incurred by EEOC caused by its noncompliance with this Consent Decree, including, but not limited to, any and all costs arising out of EEOC's efforts to enforce this Consent Decree and/or remedy any breach in this Court, but only in the event a court of competent jurisdiction finds that Defendants violated this Consent Decree.

## IV. MONETARY RELIEF

14. Defendants shall pay the total sum of $67,500.00 to settle the claims asserted by EEOC and Ms. Guillaume in their Complaints. Such payments shall be made to Charging Party as described below. It is acknowledged that this

monetary relief agreed to in settlement of damages, as set forth herein, constitutes a debt owed to and collectible by the United States.

15. The monetary relief shall be paid by Defendants to Ms. Guillaume.

16. Defendants will issue an IRS Form 1099 for compensatory damages to Guerchonite Guillaume and to Arthur Schofield, P.A., and both Guerchonite Guillaume and Arthur Schofield, P.A. shall provide Defendants with a W9 form. Proof of the payments by Defendants will be forwarded to the attention of EEOC "Re: Hobe Sound Consent Decree," by email to: mdoconsentdecreecompliance@eeoc.gov.

17. If Ms. Guillaume fails to timely receive any of the payments described above due to the fault of Defendants, Defendants shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, in addition to any other remedies available under this Consent Decree.

**TAX TREATMENT OF SETTLEMENT AMOUNT**

18. EEOC's reporting requirements under IRC Sections 162(f) and 6050X. The EEOC may be required to report the fact of this settlement to the IRS under Sections 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with

a copy of the 1098-F form that it will provide to the Internal Revenue Service ("IRS").

19. Within three days of executing this Decree, Defendants will provide EEOC with their Tax ID/ EIN numbers via email to sabarish.neelakanta@eeoc.gov.

20. The EEOC will mail a copy of the form 1098-F, if the EEOC is required to issue one, to the attention of Jonathan A. Beckerman, Esq., Lewis Brisbois Bisgaard & Smith, LLP, via email at Jonathan.Beckerman@lewisbrisbois.com, and a copy to Norman Ginsparg, Esq. at nginsparg@tikvahc.com.

21. No Representations or Reliance. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## V. INJUNCTIVE RELIEF

22. Nothing in this Consent Decree shall be construed to limit or reduce Defendants' obligation to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*; Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, as amended; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–633a, as amended; the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d); and the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000f.

23. Defendants, and their successors and assigns, shall not terminate or harass any employee on the basis of their national origin.

24. Defendants, and their successors and assigns, shall not retaliate against any person who brings an internal complaint of discrimination with Defendants, files or causes to be filed a charge of discrimination with EEOC or any other agency charged with the investigation of employment discrimination complaints, testifies or participates in the investigation or prosecution of a claim of discrimination, or opposes any unlawful practice.

## VI. INJUNCTIVE RELIEF FOR IMPLEMENTATION UPON A CONSENT DECREE EVENT

25. Defendants have represented that they have ceased operating all of their nursing home operations in the United States and that they have no employees currently working in the United States. In the event that Defendants open, operate, manage, or oversee any nursing home in the United States during the term of this Consent Decree, or employ any employees in the United States at any nursing home in the United States during the term of this Consent Decree (collectively or individually referred to as a "Consent Decree Event"), then Defendants shall: (1) notify the EEOC of the Consent Decree Event within thirty (30) days by sending an email to mdoconsentdecreecompliance@eeoc.gov; and (2) comply with the provisions of Paragraphs 26 through 39 below.

### A. ADOPTION AND DISTRIBUTION OF POLICY REGARDING NATIONAL ORIGIN DISCRIMINATION

26. Within sixty days of a Consent Decree Event, provided it occurs during the term of this Consent Decree, Defendants shall create and implement a policy against discrimination based on national origin (the "Policy"). The Policy must clearly define rights and prohibited conduct and specifically prohibit discrimination against all employees on the basis of national origin, and

specifically prohibit retaliation against any employee who reports discrimination. The Policy must also prohibit harassing conduct based on national origin. A copy of the Policy will be provided to EEOC for review within sixty calendar days of the Consent Decree Event.

27. Within ninety days of the Consent Decree Event, provided it occurs during the term of this Consent Decree, Defendants shall distribute copies of the Policy to all employees and managers in the United States. A copy of the Policy shall also be included in all of Defendants' relevant policy or employee manuals and handbooks. The Policy must be kept and maintained in a conspicuous and accessible place for all employees of Defendants and printed in a font that is easily legible.

28. Defendants acknowledge the importance of holding their management personnel accountable for their understanding and compliance with Title VII and Defendants' related nondiscrimination and nonretaliation policies and procedures. Defendants agree that management personnel shall not discriminate and be required to implement and enforce Defendants' nondiscrimination and nonretaliation policies and procedures shall be subject to appropriate remedial or disciplinary action.

**B. TRAINING FOR MANAGEMENT PERSONNEL, HUMAN RESOURCES PERSONNEL, AND ALL EMPLOYEES**

29. Training for Management and All Human Resources Personnel. Within sixty days of a Consent Decree Event, provided it occurs during the term of this Consent Decree, Defendants shall provide all management and human resources personnel with responsibility over United States-based employees with two hours of antidiscrimination and antiretaliation training ("Management Training"). The Management Training shall be provided live; the trainer and all participants must be live. Thereafter, Defendants will provide Management Training on a yearly basis until the expiration of the Consent Decree.

30. The Parties agree that each Management Training session shall be conducted by an attorney with no prior relationship with Defendants and approved by EEOC. EEOC will not unreasonably withhold such approval. Each Management Training shall include the following: (1) an explanation of the prohibition against unlawful discrimination and the prohibition against retaliation under Title VII; (2) an explanation of the rights and responsibilities of managers, supervisors, human resources, and employees under Title VII and Defendants' policies; (3) guidance on handling allegations of discrimination and other EEOC complaints and the need for

confidentiality; and (4) training on equality based on national origin and diversity training specific to national origin and race.

31. Training for All Non-Management Employees. Within sixty days of a Consent Decree Event, provided it occurs during the term of this Consent Decree, Defendants shall provide all United States-based employees (other than management and human resources personnel described above) with two hours of live antidiscrimination and antiretaliation training (the Employee Training). The Employee Training may be provided online (such as over Zoom), but: (1) the trainer must be live; and (2) participants must be required to have their videos turned on for the duration of the training. Thereafter, Defendants will provide Employee Training on a yearly basis until the expiration of the Consent Decree.

32. The Parties agree that each Employee Training shall be conducted by an attorney with no previous relationship with Defendants and approved by EEOC. EEOC will not unreasonably withhold such approval. Each Employee Training shall include the following: (1) an explanation of the prohibition against unlawful discrimination and the prohibition against retaliation under Title VII; (2) an explanation of the prohibition against national origin discrimination and examples of common stereotypes and misconceptions; (3) an explanation of the rights and responsibilities of

employees under Title VII and Defendants' policies; and (4) information and techniques that could help employees identify unwelcome and offensive behavior that is based on a coworker's protected characteristics under Title VII and the skills and confidence to intervene in some manner to stop the same. During this training, Defendants shall provide all participants with a copy of their Policy.

33. Defendants shall notify the EEOC at least two weeks before each Management Training and Employee Training of the date, time, and location of the training. Defendants also agree to provide EEOC with any and all copies of pamphlets, brochures, outlines, or other written materials to be provided to the participants of the training sessions. Defendants agree that EEOC can attend any training provided for in this Consent Decree remotely, and Defendants will provide a link, passwords, and any other information to enable EEOC at its discretion to remotely observe any such live training session.

### C. MONITORING AND REPORTING

34. Within six months of a Consent Decree Event, and thereafter every one year through the expiration of the Consent Decree, Defendants will provide the EEOC with Reports. Each report shall contain:

a. A description of each national origin discrimination complaint made by any of Defendants' managers or employees, including the names, addresses, and telephone numbers of the complaining party and any witnesses identified by the complaining party;

b. Any and all action taken in response to each complaint, and any written statements obtained or provided by the complaining party and/or witnesses, provided they are not protected by the attorney-client privilege and/or work product doctrine;

c. A certification that the Notice requirements found in Paragraphs 37 and 38 of this Consent Decree have been met;

d. A certification that the training required pursuant to Paragraphs 29 through 33 of this Consent Decree has occurred.

35. In the event of any Consent Decree Event, the EEOC may review Defendants' compliance with this Consent Decree by inspecting their worksites and/or offices, interviewing their management and employees, and examining and copying their documents. In connection with any such interviews or inspections, the EEOC shall provide Defendants with at least ten business days' notice of its intent to conduct interviews or inspections by notifying Jonathan A. Beckerman, Esq., Lewis Brisbois Bisgaard & Smith,

LLP, Jonathan.Beckerman@lewisbrisbois.com, with a copy to Norman Ginsparg, Esq. at nginsparg@tikvahc.com of any such request.

36. Any reports or notices to EEOC required by this Consent Decree shall be sent to the attention of EEOC by email to: mdoconsentdecreecompliance@eeoc.gov.

**D. POSTING OF NOTICE**

37. Within sixty days of a Consent Decree Event, Defendants shall post an eleven by fourteen-inch laminated copy of the Notice attached as "Exhibit A" to this Consent Decree (the "Notice") (Doc. 49-1, p. 18) at any location that opens in the United States at a conspicuous location easily accessible to, and commonly frequented by, their employees. The Notice shall remain posted for the entire term of this Consent Decree. Defendants shall take all reasonable steps to ensure that the postings are not altered, defaced, or covered by any other material.

38. If Defendants do not begin operations and/or open any location in the United States but hire an employee to work in the United States remotely, then Defendants shall email the Notice to the employee within sixty days of the Consent Decree Event. Thereafter, Defendants shall email the Notice to the employee on an annual basis during the term of this Consent Decree.

## VII. DISPUTE RESOLUTION

39. In the event that EEOC believes Defendants have failed to comply with any provisions of the Consent Decree, EEOC shall notify Defendants in writing via their counsel Jonathan A. Beckerman, Esq. via email at Jonathan.beckerman@lewisbrisbois.com, with a copy to Norman Ginsparg, Esq. at nginsparg@tikvahc.com, of such noncompliance and afford Defendants ten calendar days to remedy the noncompliance or satisfy the EEOC that the alleged noncomplying party has complied. This time period may be extended by the parties by written agreement. If Defendants have not remedied the alleged noncompliance or satisfied the EEOC that they have complied within ten calendar days (or such time as otherwise agreed), the EEOC may apply to the Court for appropriate relief.

40. The dispute resolution provision is not applicable to the monetary provisions of this Consent Decree.

## VIII. NOTIFICATION TO SUCCESSORS

41. Defendants shall provide prior written notice of this lawsuit and a copy of the Complaint and this Consent Decree to any potential purchasers, successors, assigns, subsidiaries, affiliates, or any other corporation, entity, or division with which Defendants may merge or consolidate.

42. If there is no Consent Decree Event during the term of this Consent Decree, then Defendants and its successors and assigns, subsidiaries, affiliates, or any other corporation, entity, or division with which Defendants may merge or consolidate, are not obligated to implement the injunctive relief set forth in Paragraphs 25 through 38 above. In the event that Defendants have a successor and/or assign, then such successor and/or assign shall during the term of the Consent Decree provide an Annual Status Report to EEOC confirming that it has not opened any nursing home operation in the United States and does not employ any employees in the United States. Such Annual Status Report shall be due yearly from the entry of this Consent Decree and shall be sent to EEOC at mdoconsentdecreecompliance@eeoc.gov. After the expiration of the term of the Consent Decree, Defendants shall no longer be required to provide an Annual Status Report.

**IX. NO CONDITIONAL RECEIPT**

43. Defendants will not condition the receipt of individual relief on an individual's agreement to: (a) maintain as confidential the terms of this Consent Decree or the facts of the case; (b) waive his or her statutory right to file a charge with any federal or state antidiscrimination agency; or

(c) promise not to reapply for a position, directly or indirectly, with Defendants.

Given the parties' representations concerning the resolution of Guillaume's claims (Doc. 49, p. 2 n.1), the Intervenor Complaint (Doc. 29) is **DISMISSED WITH PREJUDICE** subject to the right of any party to move the Court within sixty (60) days thereafter for the purpose of entering a stipulated form or final order or judgment or, on good cause shown, to reopen the case for further proceedings. All deadlines and hearings are terminated, and the Clerk is **DIRECTED** to close the file.

**IT IS SO ORDERED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 14, 2024.




ROY B. DALTON, JR.
United States District Judge